IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| **CALVASHA SUMMERS,** § | | **CIVIL ACTION NO. 6:22-CV-00406-MJT** |
| *Plaintiff,* § | | |
| § | | |
| v. § | | **DISTRICT JUDGE MICHALE J. TRUNCALE** |
| § | | **Magistrate Judge Zach Hawthorn** |
| **LUFKIN I.S.D., AND** § | | |
| **LYNN TORRES,** § | | |
| *Defendants*. § | | **Jury Trial** |

**PLAINTIFF'S OBJECTIONS to MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION PURSUANT
TO FRCP 72(b), AND Local Rule 72(c)**

To The Honorable Judge Michael J. Truncale:

    Plaintiff Calvasha Summers ask the court to reconsider the magistrate judge's report and recommendations and files these objections as authorized by federal rule of Civil Procedure 72 (b) and Local Rule 72 (c).

### A.  Introduction

1.  Plaintiff is Calvasha Summers; defendants are Lufkin I.S.D. and Sup't. Lynn Torres.

2.  Plaintiff sued defendants Lufkin I.S.D. and Sup't. Torres for deprivation of Plaintiffs'rights privileges and immunities under color of state law, and Lufkin I.S.D. for violation of Texas Lab. Code Chapt. 21 (retaliation and discrimination).

3.  On December 30, 2022, the court transferred defendants' Motion to Dismiss Plaintiffs First Amended Complaint filed by Lufkin I.S.D., and Lynn Torres to Magistrate Judge Zach Hawthorn for a ruling.

4. Magistrate Judge Zach Hawthorn ruled on the motion on March 10, 2023, and in a 60 page document he recommended that all of Plaintiff's claims be dismissed.

5. Plaintiff files these objections to the magistrate judge's proposed finding of facts or

operative facts upon which his legal conclusions have been apparently based, and various of his legal conclusions.

B.  Argument

6.  If a party timely objects to the magistrate judge's recommendations or findings, the district court must make a de novo determination of the objectionable portions of the recommendations or findings, in whole or in part.  28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b).  The district court may then accept, reject, or modify the recommendations or findings, in whole or in part.  28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b).  The court may also receive additional evidence or recommit the matter to the magistrate with additional instructions.  28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b).  Both parties have jointly and/or without opposition  sought an extension of deadlines particularly discovery deadlines. In an agreement between the parties, Defendants conducted Plaintiff's deposition on March 7, 2023, and Plaintiff was scheduled to depose Defendant Sup't. Lynn Torres, and her Assistant Sup't. Kurt Stephens. After Defendant's deposition of Plaintiff, the balance of the agreement for Plaintiff to depose Torres and Stephens was voided by the issuance of magistrate judge's report and a subsequent District Judge's order. The depositions of Torres and Stephens were not only agreed and scheduled in writing between the parties, but also pivotal and significant to Plaintiff's claims. They never occurred.

7.  Why significant? Assistant Superintendent Stephens had **twice instructed** Plaintiff (in one-on-one disciplinary conversations, inferably with Torres' knowledge, which were recorded by Plaintiff) to apologize to Torres because an African American parent (Ms. Coutee) had questioned Torres' behavior, resulting in Torres' altering and marginalizing a District  program ("Soul to Soul") initiated by Torres' African American predecessor (Sup't. Goffney), and removing Plaintiff as Soul to Soul's faculty advisor and sponsor.

Stephens in his conversation told Plaintiff to apologize to Torres, guilty or not, lest Plaintiff would be subjected to future career damage from LISD's administrators, the "Building", which would turn against Plaintiff. Plaintiff did not apologize and she was denied promotions and employment benefits.

8. Although Plaintiff verified the factual accuracy of her transcription of the two recorded conversations with Assistant Superintendent Kurt Stephens on her personal knowledge subject to the penalty of perjury, and despite the absence of *NO* contradictory claims by Stephens, the magistrate judge failed to comply with his obligation to favorably construe the statements regarding those conversations in Plaintiff's Complaint and instead inferred Plaintiff's recordings were unworthy of belief.

9. Plaintiff objects to the magistrate judge's misapprehended findings of fact, according to the legend of "Pg." referring to the page in the Report and Recommendation, and "¶" referring to the page in the First Amended Complaint as follow:

    a. Pg. 3/¶ 42- The meeting with Stephens was held downstairs in the conference room, not Brandon Boyd's office.

    b. Pg. 5/¶ 62- Torres didn't definitively state (as only the Superintendent can under the Texas Education Code) "that the success coach position was a lateral move", but McManus offered the described non-definitive opinion. McManus also stated that Administration (Superintendent, Asst. Superintendent, Deputy Superintendent & Board of Trustees, etc.) felt that Brandie Knight was a good fit because she has dual credit experience. *However, during Plaintiff's Level One hearing, the following written statement was made by Associate Principal Julie McManus,*

> "There was an inquiry about the success coach position and why it was not posted. I explained the position was not posted because it was a **lateral** move and with the experience of the CTE dual credit program, I felt she would be a **good candidate** to

3

*begin working as the success coach for non ECHS students."*

  c. Pg.5/¶62 Julie McManus told Plaintiff and Mrs. Roberts that administration felt that Brandie Knight was a **good candidate** because she has dual credit experience. There is no presumption of non-pretextuality byused of the statement Brandie Knight would be a good candidate as opposed to Plaintiff or other non-Whites. The term **good candidate** does not entitle LISD to a presumption of non-pretextuality when the person who made the decision to choose Brandi Knight whether Torres or McManus were not African American. Neither Torres nor McManus are African American. *Menefee v. McCaw Cellular Comm.*, No. 05-02-00142-CV (Tex. App. Mar. 24, 2003)

 d. Pg. 6/¶ 77- Go-Center Counselor was changed to Go-Center Advisor. A certified counselor has always held this position. However, the title and requirements were changed in 2022.

 e. Pg. 7/¶17 - LISD and Torres took these actions in retaliation for Plaintiff's internal grievance and how Torres and LISD feel about Plaintiff (based on Kurt Stephens' comments about future harm to Plaintiff from the ***Building***)

 f. Pg. 7/¶17- Plaintiff's complaint is about the entire evaluation and should not be inferred to be limited a section or subsection.

 g. Pg. 10/¶ 108- Summers did NOT contend that it was a "part-time" add-on position, but that it was an "add-on position in consideration of stipend pay, as had been sought by plaintiff…" and not a full-time.

 h. Pg. 10/¶96- Plaintiff did not state the flier was for a school club, only said "flier". The flier was for a nonprofit that currently serves students that attend LISD schools, and not a school club, but was inferred to be a school club which shoes a more favorable treatment to Plaintiff than she received.

4

    i. Pg. 30/¶ 17- Plaintiff's evaluations started being degraded the year she filed her complaint 2020-2021. My entire evaluation did not go from 3 to 4 for the 20-21school year, but only a "subsection", and Plaintiff had complained about the full evaluation.

    j. Pg. 30/¶¶ 75, 96,99-101- The magistrate judge misapprehended Plaintiff's activites and stated that she achieverd her community goal but not the school goal., but that is inaccurate. The paragraphs cited show that Sheila Adams District PR ignored Plaintiff's request. The community fundraiser was initially DENIED until Plaintiff asked what steps did the Junior League of Lufkin, Angelina County Aggies Mother's Club, Lufkin Rotary Club etc. take to have their fundraisers included. Her question was never answered. Sheila Adams for LISD just placed the flyer in the newsletter. because she was called out. In December of 2020 Sheila Adams completely ignored Empower's request to put our fundraiser in the newsletter. Keep in mind that Empower is an actual school club. Our flyer was never included

    k. Pg. 31/¶ 61, 79- Roberts was only a witness to the conversation that took place between Julie McManus and Plaintiff, and Plaintiff did not complain on behalf of Roberts.

    l. Pg. 31/¶¶ 50,75, 80- Empower (staff sponsors and student members) were inferably, adversely impacted because of Plaintiff's "strained" relationship with the "Building".

    m. Pg. 34-35/¶ 89-90- The magistrate judge implies Plaintiff did not exhaust administrative remedies when in fact she did. Plaintiff filed a grievance with LISD on July 2020, and in Fall 2021, Plaintiff filed a complaint with TEA (Texas Education Agency).

    n. Pg. 36- 37/¶¶ 76, 89-90- On page 3 of DGBA Local, it states,

      "Complaints arising out of an event or a series of related events shall be addressed in

one complaint. Employees shall not file separate or serial complaints arising from any event or series of events that have been or could have been addressed in a previous complaint".

In the Fall of 2021, I filed a complaint with TEA (Texas Education Agency).

o. Pg.41/¶¶ 89-90-Plaintiff exhausted administrative remedies. Plaintiff filed a grievance with LISD July 2020. In Fall 2021 Plaintiff filed a complaint with TEA (Texas Education Agency) – Plaintiff filed a grievance with Lufkin ISD, filed a complaint with TEA (Texas Education Agency), and the EEOC.

p. Pg. 45/¶76- Plaintiff filed her complaint in July of 2020, and it carried over into January 2021. This is the same school year that she received her lowered evaluation. Educators receive evaluation in the spring of the current contract year. Plaintyff's contract (for the 20-21 school year) started July 2020 and ended June 2021. Therefore, Plaintiff's case in apposite to *Alamo Heights*, 544 S.W.3d at 790.

q. Pg. 12/ ¶127 The magistrate judge quotes Deidre Harrison, in Student Services (White) without any apparent authority to speak was relied on by the magistrate judge as stating Plaintiff's grievances were not timely

## C. Judicial Notice Per FRE 201

10. Pursuant to Plaintiff asks the Court to take judicial notice of Doc. # 49, and 50.

## D. Conclusion

11. Because the magistrate judge's misapprehensions of fact and failure to comp-ly with standard of review to make favorable inferences are erroneous, Plaintiff asks the court to reject them and receive additional evidence showing that defendants through Stephens threatened future action against Plaintiff if she did not apologize to Torres in the 2019 conferences with Stephens, and that plaintiff began to suffer and has continued to suffer

retaliatory acts from the District's administrators who are beholden to Torres' Building as promised by Assistant Superintendent Stephens in 2019.

Respectfully submitted,
/s/ *Larry Watts*
Laurence ("Larry") Watts
SBN 20981000
P.O. Box 2214
Missouri City, TX 77459
Telephone: (281) 431-1500
Facsimile: (877) 797-4055
Email: wattstrial@gmail.com
Larry@wattsjustice.attorney
**ATTORNEYS FOR PLAINTIFFS**

## VERIFICATION

The facts stated herein are true and correct to my personal knowledge and I make this statement subject to the pain and penalty of perjury.

/s/ *Larry Watts*
Laurence ("Larry") Watts

## CERTIFICATE OF SERVICE

I hereby certify that on March 24, 2023, a true and correct copy of the foregoing was forwarded to opposing counsel(s) of record by electronic service.

/s/ *Larry Watts*
Laurence ("Larry") Watts
